# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| ANTHONY J. BRODZKI,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA STATE PATROL, et al.,<br><br>Defendants. | Cause No. CV 10-00104-BLG-RFC-CSO<br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

Plaintiff Anthony Brodzki, proceeding *in forma pauperis* and without counsel, filed this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court are Defendants' First Motion for Summary Judgment (*Court Doc. 17*), Brodzki's Motion for Temporary Restraining Order (*Court Doc. 19*), and Defendants' Motion for Leave to File a Statement of Undisputed Facts. (*Court Doc. 21*).

## I. PRELIMINARY MOTIONS

### A. Motion to Amend

In his response to Defendants' Motion for Summary Judgment, Brodzki asks the Court to assist him in amending his complaint to add "electronic tort activity." (*Court Doc. 20–Response, p. 3*). After filing the

current lawsuit, Mr. Brodzki began filing a number of lawsuits in this Court regarding electronic harassment. Those cases have all been dismissed as frivolous. See Civil Action Nos. 11-CV-0005-H-DWM-RKS, 11-CV-0008-H-DWM-RKS, 11-CV-00032-M-DWM-JCL, and 11-CV-00034-M-DWM-JCL. The Court will not allow Mr. Brodzki to amend his complaint here to add claims that have been dismissed as frivolous in these four other cases. The motion will be denied.

### B. Motion to File Statement of Undisputed Facts

There being no objection from Brodzki, Defendants' Motion to File a Statement of Undisputed Facts (*Court Doc. 21*) will be granted. *See Local Rule 7.1(d)(1)(B).*

## II. MOTION FOR SUMMARY JUDGMENT

### A. Standard

A party is entitled to summary judgment if it can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). That is, summary judgment is warranted if the documentary evidence permits only one conclusion. Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 251 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis of its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, it believes demonstrate the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Where the moving party has met its initial burden with a properly supported motion, the party opposing the motion "must produce at least some 'significant probative evidence tending to support the complaint.' " T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quoting First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 290 (1968)). The non-moving party may do this by use of affidavits (including his own), depositions, answers to interrogatories, and admissions. " Anderson, 477 U.S. at 248. Only disputes over facts that might affect the outcome of the suit under the governing law are "material" and will properly preclude entry of summary judgment. Id.

At the summary judgment stage, the judge's function is not to

weigh the evidence or determine the truth of the matter, but to determine whether there is a genuine issue for trial. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249-50.

> The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict.

Anderson, 477 U.S. at 252.

In the context of a motion for summary judgment where a litigant is proceeding pro se, the court has an obligation to construe pro se documents liberally and to afford the pro se litigant the benefit of any doubt. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct 2197, 2200 (2007) (per curiam); Baker v. McNeil Island Corrections Ctr., 859 F.2d 124, 127 (9th Cir. 1988).

**B. Facts**

On September 6, 2008, at 7:56 a.m., Montana Highway Patrol

(MHP) Trooper Glenn Quinnell conducted a traffic stop on a silver Dodge Avenger traveling eastbound at Exit 215 on I-94. (*Court Doc. 23-1: Quinnell Affidavit, ¶ 2*). The vehicle was stopped because the license plate of the vehicle was obscured by mud and it could not be determined whether the vehicle was legally registered. (*Court Doc. 23-2: Second Quinnell Affidavit, ¶¶ 4-5*).

The driver of the vehicle was Plaintiff Anthony Brodzki. (*Court Doc. 23-1: First Quinnell Affidavit, ¶ 4*). The vehicle was owned by Alamo Rent a Car. (*Court Doc. 23-1: First Quinnell Affidavit, ¶ 5*).

Trooper Quinnell asked Brodzki for his driver's license, registration, and insurance information. (*Court Doc. 23-1: First Quinnell Affidavit, ¶5*). Brodzki produced a valid driver's license and an Alamo Rental Agreement. Trooper Quinnell concluded that the agreement had expired on August 26, 2008. Brodzki asserts the contract had an option for 23 additional days. (*Court Doc. 25: Brodzki's Response, p. 2*). The Agreement stated the vehicle had been rented at the Fargo, North Dakota airport. (*Court Doc. 23-1: First Quinnell Affidavit, ¶ 6*).

Trooper Quinnell called Alamo, identified himself, and notified Alamo that he had stopped the vehicle and Brodzki had an expired rental agreement. Trooper Quinnell was informed that the rental agreement had been extended until September 5, 2008 at 5 p.m.

Since the extension had expired, Trooper Quinnell then called the Alamo location at the Fargo Airport to ask their position concerning the vehicle. Trooper Quinnell was instructed by an Alamo representative to take possession of the vehicle. *Court Doc. 23-1 at 2, ¶ 10 (Aff. of Glenn Quinnell)*.

Trooper Quinnell then gave Brodzki a ride to the Glendive bus station, MHP impounded the vehicle, and turned it over to Alamo. *Id. at 3, ¶¶ 12, 13*. No criminal charges were brought against Brodzki.

Brodzki alleges that according to his conversations with Alamo in late September and early October 2008, the car was reported abandoned by the Montana State Patrol. He asserts this can be proven by getting his phone records. (*Court Doc. 25, p. 2; Court Doc. 22, p. 2*). Brodzki contends he called Alamo to alert them several times and they told him it was okay to drive the car back to Las Vegas, that he didn't

need to call everyday, and that he had an option. (*Court Doc. 20, p. 2*). Brodzki also alleges the State Patrol was harassing him on disorientation equipment. (*Court Doc. 20, p. 2*).

   C. **Analysis**

      1. **Causes of Action**

Defendants' Motion construes Brodzki's Complaint as alleging two causes of action: (1) a Fourth Amendment claim under the United States Constitution, and (2) a tort claim under Montana state law. (*Court Doc. 18, pp. 3-4*). In the prescreening process, the Court construed the Amended Complaint as raising only a Fourth Amendment claim. (*Court Doc. 7, p. 3*). The Court does not construe the Amended Complaint as raising a state tort claim. Even if it could be so construed, the State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et. seq. Hence any claim against the State of Montana or any agency of the State (such as Montana State Patrol) for monetary damages would not be cognizable in federal court.

      2. **Montana State Patrol**

As set forth in the Court's first prescreening Order, the Montana State Patrol is protected from monetary damages by immunity under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI; see also Edelman v. Jordan, 415 U.S. 651, 664, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974). The United States Supreme Court has interpreted this amendment to mean that absent waiver, neither a State nor an agency of the State acting under its control may "be subject to suit in federal court." Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993). One exception to the general prohibition of the Eleventh Amendment is that it does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. See Idaho v. Couer d'Alene Tribe, 521 U.S. 261, 117 S.Ct. 2028, 2034, 138 L.Ed.2d 438 (1997); Pennhurst State Sch. & Hosp. V.

Halderman, 465 U.S. 89, 102-106, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997); Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997) cert. denied, 118 S.Ct. 2340 (1998).

The allegations against the Montana State Patrol address a specific incident that occurred nearly three years ago. Brodzski has stated no plausible claim for injunctive relief against the Montana State Patrol, and as such his claim for injunctive relief should be dismissed. *See Court Doc. 16 (Order Denying Motion for Injunction).*

### 3. Qualified Immunity

Next, Defendants argue the individual MHP officers are entitled to qualified immunity because there was no constitutional violation. The motion will be granted because (1) there are no individual defendants who have been specifically named, and (2) even if there were, there is no showing of a constitutional violation.

### a. No Individual Defendants Named

Although Brodzki named John Doe Defendants, he has not identified those individuals. The Court advised Brodzki in September

2010 that he had failed to state a claim against any named person and gave him an opportunity to amend to do so. *See Court Doc. 4 at 6-7.* His amended complaint failed to name any individuals as defendants. Nonetheless, the Court's November 29, 2010 Scheduling Order gave him an additional three months, until February 28, 2011, to join additional parties. Brodzki did not do so.

The Federal Rules of Civil Procedure include no provision "permitting the use of fictitious defendants." McMillan v. Department of Interior, 907 F.Supp. 322, 328 (D. Nev. 1995), aff'd, 87 F.3d 1320 (9th Cir. 1996), cert. denied, 519 U.S. 1132, 117 S.Ct. 995, 136 L.Ed.2d 875 (1997); see also Fifty Associates v. Prudential Ins. Co., 446 F.2d 1187, 1191 (9th Cir. 1970). "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). A plaintiff must be afforded an opportunity to identify the unknown defendants through discovery. Gillespie, 629 F.2d at 642. Here, Brodzki was made aware of the identities of the officers involved in the incident at least as early as January 27, 2011, but did not amend his pleadings to name any of them. (*See Court Doc.*

*18–Defendants' Brief in Support of Motion for Summary Judgment*). As such, the only named defendant in this case is the Montana State Patrol, which for the reasons set forth above should be dismissed. Therefore, this entire matter should be dismissed.

### b. **Qualified immunity appropriate**

Even if Brodzki had complied with the Court's deadlines and properly named the individual Highway Patrol officers, dismissal would still be appropriate because those officers are entitled to qualified immunity.

"The central purpose of affording public officials qualified immunity from suit is to protect them 'from undue interference with their duties and from potentially disabling threats of liability.' " <u>Elder v. Holloway</u>, 114 S.Ct. 1019, 1022 (1994) (<u>quoting Harlow v. Fitzgerald</u>, 457 U.S. 800, 806 (1982)), <u>see also Pearson v. Callahan</u>, 129 S.Ct. 808, 815 (2009). In deciding whether qualified immunity exists the Court must consider two questions: (1) whether the facts plaintiff has shown make out a constitutional violation; and, if so, (2) whether the right was clearly established at the time of the alleged misconduct. <u>Pearson</u>, 129

S.Ct. at 815–16. Courts can choose which question to consider first. Pearson, 129 S.Ct. at 818.

In deciding if a right is clearly established, the Court must ask, "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001)), see also Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001).

Defendants argue they are entitled to summary judgment because no Fourth Amendment violation occurred when the Highway Patrol impounded Alamo's vehicle. Defendants base their arguments on criminal cases arising from searches of rental property (such as cars and hotel rooms). An individual loses a legitimate expectation of privacy in rental property after the rental contract has expired and the owner has acted to recover the property. See United States v. Poulsen, 41 F.3d 1330, 1336-37 (9th Cir. 1994); United States v. Huffhines, 967 F.2d 314, 318 (9th Cir. 1992); United States v. Haddad, 558 F.2d 968, 975 (9th Cir. 1977).

Thus, the question is whether it would be clear to a reasonable

officer that the seizure of the vehicle was unlawful. Here, the undisputed testimony is that Trooper Quinnell was told by Alamo to take possession of the car.[1] The parties agree that Alamo was the owner of the vehicle. A reasonable officer would believe that the seizure of the rental vehicle in these circumstances was lawful.

Mr. Brodzki argues that Trooper Quinnell is lying, but his unsupported speculation is insufficient to overcome evidence offered by the Defendant in support of the motion for summary judgment. Brodzki does not dispute that the car was owned by Alamo or that Trooper Quinnell was told to repossess the vehicle. Although Brodzki does argue that he had a 23-day option and was told the car was reported abandoned, these statements alone, even if admissible, do not refute the evidence that Alamo owned the vehicle and that Alamo told Quinnell to take possession of the car. Thus a reasonable officer could reasonably

---

[1]Out-of-court statements offered for the limited purpose of explaining an officer's conduct are admissible. Fed.R.Evid. 801(c); see also United States v. Echeverry, 759 F.2d 1451 (9th Cir. 1985); United States v. Martin,897 F.2d 1368 (6th Cir. 1990); United States v. Lazcano, 881 F.2d 402 (7th Cir. 1989); United States v. Love, 767 F.2d 1052 (4th Cir. 1985); State v. Lawrence, 285 Mont. 140, 948 P.2d 186 (Mont. 1997).

conclude that his conduct was lawful, and thus qualified immunity applies.

## III. **MOTION FOR RESTRAINING ORDER**

Brodzki seeks a restraining order against the Montana State Patrol and the "police community" to stop harassing him electronically. (*Court Doc. 19*). Given the recommendation to grant the motion for summary judgment, and for the reasons set forth in the Court's prior Order on Brodzki's motion for injunction (*Court Docs. 7, 16*), the motion for restraining order should also be denied.

Based on the foregoing, the Court issues the following:

## **ORDER**

1. Brodzki's Motion to Amend as contained in his response to Defendants' Motion for Summary Judgment (*Court Doc. 20*) is DENIED.

2. Defendants' Motion for Leave to File a Statement of Undisputed Facts (*Court Doc. 21*) is GRANTED.

3. At all times during the pendency of this action, Brodzki SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change

of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## **RECOMMENDATION**

1. Defendants' Motion for Summary Judgment (*Court Doc. 17*) should be GRANTED.

2. Brodzki's Motion for Restraining Order (*Court Doc. 19*) should be DENIED.

3. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record

makes plain that Brodzki's claims are frivolous.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Brodzki may serve and file written objections to this Findings and Recommendation within fourteen days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final

judgment.

DATED this 11th day of April, 2011.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge