IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| ANTHONY J. BRODZKI, | CV-10-104-BLG-RFC |
| Plaintiff, | |
| vs. | |
| | ORDER ADOPTING FINDINGS |
| | AND RECOMMENDATIONS OF |
| MONTANA STATE PATROL, et al., | U.S. MAGISTRATE JUDGE |
| Defendants. | |

On April 11, 2011, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation. Magistrate Judge Ostby recommends Defendants' Motion for Summary Judgment be granted, and Plaintiff's Motion for Temporary Restraining Order be denied.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). Plaintiff has filed timely objections and Defendant responded. Accordingly, the Court must make a *de novo* determination of those portions of the Findings and Recommendations to

1

which objection is made. 28 U.S.C. § 636(b)(1). For the following reasons, Plaintiff's objections are overruled.

## STANDARD OF REVIEW

A party is entitled to summary judgment if it can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). That is, summary judgment is warranted if the documentary evidence permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis of its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, it believes demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Where the moving party has met its initial burden with a properly supported motion, the party opposing the motion "must produce at least some 'significant probative evidence tending to support the complaint.'" *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quoting First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 290 (1968)). The non-moving party may do this by use of affidavits (including his own), depositions, answers to interrogatories, and admissions." *Anderson*, 477 U.S. at 248. Only disputes over

facts that might affect the outcome of the suit under the governing law are "material" and will properly preclude entry of summary judgment. *Id.*

## BACKGROUND FACTS

On September 6, 2008, at 7:56 a.m., Montana Highway Patrol (MHP) Trooper Glenn Quinnell conducted a traffic stop on a silver Dodge Avenger traveling eastbound at Exit 215 on I-94. (*Court Doc. 23-1: Quinnell Affidavit, ¶ 2*). The vehicle was stopped because the license plate of the vehicle was obscured by mud and it could not be determined whether the vehicle was legally registered. (*Court Doc. 23-2: Second Quinnell Affidavit, ¶¶ 4-5*).

The driver of the vehicle was Plaintiff Anthony Brodzki. (*Court Doc. 23-1: First Quinnell Affidavit, ¶ 4*). The vehicle was owned by Alamo Rent a Car. (*Court Doc. 23-1: First Quinnell Affidavit, ¶ 5*).

Trooper Quinnell asked Brodzki for his driver's license, registration, and insurance information. (*Court Doc. 23-1: First Quinnell Affidavit, ¶5*). Brodzki produced a valid driver's license and an Alamo Rental Agreement. Trooper Quinnell determined that the rental agreement had expired on August 26, 2008. Brodzki asserts the contract had an option for 23 additional days. (*Court Doc. 25: Brodzki's Response, p. 2*). The rental agreement stated the vehicle had been rented at the Fargo, North Dakota airport. (*Court Doc. 23-1: First Quinnell Affidavit, ¶ 6*).

3

Trooper Quinnell called Alamo, identified himself, and notified Alamo that he had stopped the vehicle and Brodzki had an expired rental agreement. Trooper Quinnell was informed that the rental agreement had been extended until September 5, 2008 at 5 p.m.

Since the extension had expired, Trooper Quinnell then called the Alamo location at the Fargo Airport to ask their position concerning the vehicle. Trooper Quinnell was instructed by an Alamo representative to take possession of the vehicle. (*Court Doc. 23-1 at 2, ¶ 10*).

Trooper Quinnell then gave Brodzki a ride to the Glendive bus station, MHP impounded the vehicle, and turned it over to Alamo. *Id.* at 3, ¶¶ 12, 13. No criminal charges were brought against Brodzki.

Brodzki alleges that according to his conversations with Alamo in late September and early October 2008, the car was reported abandoned by the Montana State Patrol. He asserts this can be proven by getting his phone records. (*Court Doc. 25, p. 2; Court Doc. 22, p. 2*). Brodzki contends he called Alamo to alert them several times and they told him it was okay to drive the car back to Las Vegas, that he didn't need to call everyday, and that he had an option. (*Court Doc. 20, p. 2*). Brodzki also alleges the State Patrol is harassing him with disorientation equipment. (*Court Doc. 20, p. 2*).

## ANALYSIS

The Montana State Patrol is protected from monetary damages by immunity under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S.Const. Amend. XI. The United States Supreme Court has interpreted this amendment to mean that absent waiver, neither a State nor an agency of the State acting under its control may "be subject to suit in federal court." *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993). The one exception to the general prohibition of the Eleventh Amendment is that it does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *See Idaho v. Couer d'Alene Tribe*, 521 U.S. 261, 117 S.Ct. 2028, 2034, 138 L.Ed.2d 438 (1997); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-106, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Armstrong v. Wilson*, 124 F.3d 1019, 1025 (9th Cir. 1997) *cert. denied*, 118 S.Ct. 2340 (1998).

The allegations against the Montana State Patrol address an incident occurred three years ago and Plaintiff has stated no plausible claim for injunctive

5

relief against the Montana State Patrol. His claim for injunctive relief must be dismissed.

Additionally, Plaintiff has named John Doe Defendants, but has never identified those individuals. Plaintiff was advised by the Court that naming the John Doe Defendants was necessary and Plaintiff had adequate time to identify those Defendants. The Federal Rules of Civil Procedure include no provision "permitting the use of fictitious defendants." *McMillan v. Department of Interior*, 907 F.Supp. 322, 328 (D. Nev. 1995), aff'd, 87 F.3d 1320 (9th Cir. 1996), *cert. denied*, 519 U.S. 1132, 117 S.Ct. 995, 136 L.Ed.2d 875 (1997). As such, the only named defendant in this case is the Montana State Patrol, which for the reasons set forth above should be dismissed. Therefore, this entire matter should be dismissed.

However, even if Plaintiff had properly named the individual Highway Patrol officers, dismissal would still be appropriate. "The central purpose of affording public officials qualified immunity from suit is to protect them 'from undue interference with their duties and from potentially disabling threats of liability.'" *Elder v. Holloway*, 114 S.Ct. 1019, 1022 (1994) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982)). In deciding whether qualified immunity exists the Court must consider two questions: (1) whether the facts plaintiff has shown make out a constitutional violation; and, if so, (2) whether the right was

clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 129 S.Ct. 808, 815-16 (2009).

In deciding if a right is clearly established, the Court must ask, "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001)). Here, the undisputed testimony is that Trooper Quinnell was told by Alamo to take possession of the car. Alamo was the owner of the vehicle and a reasonable officer would believe that the seizure of the rental vehicle in these circumstances was lawful.

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Plaintiff seeks a restraining order against the Montana State Patrol and the "police community" to stop harassing him electronically. Given the Court's decision to grant summary judgment in favor of Defendants, there is no need for a restraining order.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Defendants' Motion for Summary Judgment (*Court Doc. 17*) is **GRANTED**.

2. Plaintiff's Motion for Restraining Order (*Court Doc. 19*) is **DENIED**.

3. The Clerk of Court is directed to enter Judgment in this matter in favor of Defendants and close this matter accordingly.

4. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain that Brodzki's claims are frivolous.

The Clerk of Court shall notify the parties of the entry of this Order.

DATED the 19th day of May, 2011.

/s/ Richard F. Cebull
RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE